IN THE UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **TIMOTHY ZAJAROS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VOLVO CAR CORPORATION and VOLVO CAR USA, LLC**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Docket No.: ________________**<br>**JURY TRIAL DEMAND** |

---

## COMPLAINT

---

Plaintiff, Timothy Zajaros, for his cause of action against Defendants Volvo Car Corporation and Volvo Car USA LLC, states as follows:

### I. THE PARTIES

1. Plaintiff Timothy Zajaros is a citizen and resident of Franklin, Williamson County, Tennessee, and resides at 1422 Marrimans Court, Franklin, TN 37067.

2. Defendant Volvo Car Corporation is a foreign business entity located in Sweden. Its principal place of business is located at Assar Gabrielssons vag, 405 31 Goteberg, Sweden or Gropegardgatan 2, 417 15 Goteborg, Sweden.

3. Defendant Volvo Car USA LLC is a Delaware limited liability company with its principal place of business located at 1800 Volvo Place, Mahwah, NJ. Volvo Car USA LLC may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546

4. The Defendants are the designer, manufacturer, and distributor of a motor vehicle at issue in this matter. Defendants are alter egos and are sued herein jointly and severally. For convenience, Defendants will be collectively referred to throughout this Complaint as the "Volvo Defendants."

## II. Jurisdiction and Venue

5. The incident that is the subject of this litigation took place in Nashville, Davidson County, Tennessee on September 13, 2022.

6. The delivery of the vehicle at issue in this matter took place in Franklin, Williamson County, Tennessee.

7. This Court has jurisdiction over this cause of action.

8. Damages claimed in this matter, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Jurisdiction and venue are appropriate with this Court pursuant to 28 U.S.C. 1332(a), as Plaintiff and the Volvo Defendants are residents and citizens of different states and countries, and the amount in controversy exceeds the minimum sum specified in 28 U.S.C. 1332. In addition, the Volvo Defendants placed the vehicle at issue into the stream of commerce in Tennessee, and the injury giving rise to this action occurred in Nashville, Davidson County, Tennessee.

## III. Factual Background

10. On April 11, 2022, Plaintiff purchased a 2017 Volvo XC90, VIN YV4A22PK1H1163891 (the "Vehicle"), which was delivered to his home at 1422 Marrimans Court, Franklin Tennessee, 37067. Plaintiff purchased the Vehicle relying on the reputation of Volvo vehicles as to safety and reliability.

11. The Volvo Defendants designed, manufactured, and distributed the Vehicle.

12. The Volvo Defendants are a manufacturer within the meaning of Tenn. Code Ann. § 29-28- 102(4).

13. The Vehicle and its entertainment system and component parts are "products" within the meaning of Tenn. Code Ann. § 29-28-102(5).

14. On or about September 13, 2022, Plaintiff was operating the Vehicle in a normal manner pursuant to the design of the Vehicle. When Plaintiff turned on the Vehicle and his cellular phone connected automatically to the entertainment system, the audio speakers of the Vehicle's entertainment system suddenly emitted a loud, piercing tone. Plaintiff tried to turn off the entertainment system to abate the tone but was unsuccessful in doing so. Plaintiff had turned off the ignition to the vehicle; however, the loud, piercing tone would not stop. Plaintiff exited the vehicle and searched the internet for information on how to disable the system. Plaintiff, only after a lengthy period of time, finally was able to stop the system from emitting the tone.

15. After the September 13, 2022 incident, Plaintiff learned that the Volvo Defendants had been aware of a defect in its entertainment system installed in the Vehicle model wherein the entertainment system will emit a sudden, loud, piercing tone that cannot be turned off when paired through Bluetooth to certain cellular phones. The Volvo Defendants were aware of this defect prior to the time that Plaintiff purchased the Vehicle. Although the Volvo Defendants were aware of this defect, it neither warned Plaintiff nor attempted in any manner to correct the defect.

16. The incident wherein the audio speakers of the Vehicle's entertainment system suddenly emitted a loud, piercing tone caused extreme pain to Plaintiff. Plaintiff also noticed a ringing in his ears and loss of hearing that would not, and did not, resolve, even over time.

Plaintiff subsequently has seen multiple specialists and has undergone numerous audiological testing. Plaintiff has been told that the sudden, loud, piercing tone from the Vehicle's speakers permanently damaged his hearing and has caused permanent tinnitus. Plaintiff now is required to wear hearing aids. Plaintiff also has a constant buzzing sound in his ears that interferes with his ability to function and sleep.

17. Plaintiff is a producer in the entertainment business. The hearing loss and tinnitus caused by the Vehicle's entertainment system suddenly emitting a loud, piercing tone has caused and proximately caused serious injury to Plaintiff, including, but not limited to physical injury, pain and suffering, medical costs, and loss of income.

18. Plaintiff timely initiated suit against Defendants on September 7, 2023, in the United States District Court for the Middle District of Tennessee and obtained service on all Defendants. The lawsuit was assigned Case Number 3:23-cv-00951.

19. On July 9, 2025, Plaintiff filed a Stipulation of Voluntary Dismissal Without Prejudice pursuant to Rule 41(2)(A)(ii) of the Federal Rules of Civil Procedure dismissing Case Number 3:23-cv-00951 without prejudice.

20. This lawsuit is timely filed pursuant to Rule 41(2)(A)(ii) of the Federal Rules of Civil Procedure and Tennessee Code Annotated § 28-1-105.

## **CAUSES OF ACTION**

## **PRODUCTS LIABILITY ACTION PURSUANT TO TENN. CODE ANN. § 29-28-101 et seq.**

## **COUNT I – STRICT LIABILITY IN TORT**

21. Plaintiff repeats the allegations contained in paragraphs 1-20 as though set forth verbatim.

22. On September 13, 2022, the Volvo Defendants' "product", as defined Tenn. Code Ann. § 29-28- 107(5), the Vehicle, was within its "anticipated life" as defined by Tenn. Code Ann. § 29-28-107(1).

23. The Volvo Defendants manufactured and distributed products that were in a "defective condition" as defined by Tenn. Code Ann. § 29-28-107(2).

24. The Volvo Defendants manufactured and distributed products that were "unreasonably dangerous" as defined by Tenn. Code Ann. § 29-28-107(8).

25. Upon information and belief, the Volvo Defendants failed to design a safe vehicle with safe component parts including but not limited to failing to equip it with a reasonably safe entertainment system.

26. Upon information and belief, the Volvo Defendants failed to design the vehicle and its component parts so that the occupants of the car would be safe under normal circumstances.

27. The Volvo Defendants had a legal duty to design its vehicles to be safe, and are thus responsible for the extent to which the Vehicle's defects injured Plaintiff.

28. The Volvo Defendants are strictly liable for the damages to Plaintiff as a result of the manufacture and distribution of the subject defective Vehicle.

29. The operation of the Vehicle, including the entertainment system, failed to meet the "consumer expectation test" as that term is understood under Tennessee law.

30. At all times mentioned herein, the subject Vehicle (and its component parts) was defective or unreasonably dangerous and unsafe for its intended purpose, and the Volvo Defendants failed to give warnings and/or instructions as to the use of said product to prevent it from being unreasonably dangerous and unsafe. Said Defendants failed to provide reasonable

safety devices to protect occupants during the use of said defective product. Said Defendants failed to recall, retrofit, or did not properly retrofit the Vehicle with adequate component parts, including an adequate entertainment system, even though the necessity of such modifications was known to Defendants at the time the subject vehicle was manufactured, and such modifications were feasible, economical, and would prevent injuries.

31. The Vehicle because of its dangerous condition would not have been put on the market by a reasonably prudent manufacturer or seller.

**COUNT II**

**NEGLIGENCE**

32. Plaintiff repeats the allegations contained in paragraphs 1-31 as though set forth verbatim.

33. Upon information and belief, the Volvo Defendants were negligent in the design, manufacture, and inspection of the Vehicle in that the automobile (including its component parts) is not designed to function properly under normal, foreseeable driving and listening conditions.

34. Defendants negligently designed, tested, inspected, sold, and marketed the subject Vehicle, including its component parts, and failed to include a reasonable and safer alternative design, including warnings regarding the subject defective component parts and entertainment system.

35. As a direct and proximate result of the Volvo Defendants' negligence, Plaintiff suffered serious bodily injuries.

**COUNT III**

**BREACH OF WARRANTY**

36. Plaintiff repeats the allegations contained in paragraphs 1-35 as though set forth

verbatim.

37. At all times relevant to the Complaint, the Volvo Defendants were "merchants" in the business of supplying "goods" and/or "products" sold for consumer usage.

38. As such, the Volvo Defendants breached the warranties of merchantability and fitness for a particular purpose in that the Vehicle was not fit for ordinary use or for the intended use for which it was purchased.

39. These breaches of warranty proximately caused or contributed to the severe injuries suffered by the Plaintiff. The product was unfit as previously described in Counts I and II.

**COUNT IV**

**PUNITIVE DAMAGES**

40. Plaintiff repeats the allegations contained in paragraphs 1-39 as though set forth verbatim.

41. The Volvo Defendants, having knowledge that certain operational parts of the subject vehicle were defective and posed an unreasonable risk of injury to the plaintiff, and having acquired this knowledge before the incident made the basis of this suit, the Volvo Defendants deliberately failed to notify the Plaintiff about these defects and also engaged in a scheme to cover up that knowledge and deny any responsibility for the defects by virtue of misrepresentations regarding the nature and scope of the defect.

42. The Volvo Defendants' actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous vehicle as designed, and by failing to properly inspect and warn of the dangers associated with this vehicle amounted to such willful misconduct or entire want of care as to raise a presumption of conscious indifference to the

consequences.

## COUNT V

## COMPENSATORY DAMAGES

43. Plaintiff repeats the allegations contained in paragraphs 1-42 as though set forth verbatim.

44. Due to the actions of the Volvo Defendants enumerated above, Plaintiff suffered extreme pain and suffering.

45. Due to the actions of the Volvo Defendants enumerated above, Plaintiff endured mental suffering, extreme fear, and distress.

46. Due to the actions of the Volvo Defendants, Plaintiff has incurred expenses for his medical treatment, as well as other incidental expenses.

47. Plaintiff has suffered a loss and future loss of income.

## REQUESTED RELIEF

48. The injuries and damages suffered by Plaintiff include but are not limited to the following: past and future medical expenses; past and future medical treatment; past and future pain and suffering; physical injury; permanent disfigurement and disability; loss of enjoyment of life; severe pain and mental anguish and emotional distress; lost wages in the past and future; and lost earning capacity. Plaintiff further seeks any other relief to which he is entitled pursuant to applicable law.

49. Plaintiff is entitled to punitive damages for the willful, wanton, intentional, reckless and malicious acts of the Volvo Defendants. Further, the acts of these Defendants constitute gross negligence.

**Wherefore**, having set forth his causes of action against the Defendants, Plaintiff, Timothy Zajaros, prays for judgment against the Defendants and requests that the Court grant to him the following relief:

1. That service of process issue against the Defendants named in this matter;

2. That all costs of this matter be taxed to the Defendants;

3. That Plaintiff be awarded Ten Million Dollars ($10,000,000.00) in compensatory damages;

4. That Plaintiff be awarded punitive damages in the amount of Twenty Million Dollars ($20,000,000.00);

5. That Plaintiff be awarded pre-judgment interest on lost wages and for post-judgment interest at the maximum rate allowed by law;

6. That a jury be empaneled to try all issues so triable; and

7. That the Plaintiff be granted such further and general relief that the Court deems proper.

Respectfully submitted,

**Surber, Asher, Surber & Moushon, PLLC**

___*/s /Garrett Asher*___________________
Garrett E. Asher (BPR# 15977)

___*/s/ Joel P. Surber*___________________
Joel P. Surber (BPR# 21026)
Plaza I, Suite 310
220 Athens Way
Nashville, Tennessee 37228
(615) 997-1908
(615) 953-1473 (facsimile)
jsurber@tennlawfirm.com
gasher@tennlawfirm.com

**SPENCER FANE, LLP**

*/s/ Jonathan P. Farmer*
Jonathan P. Farmer (BPR #020749)
511 Union St, Suite 1000
Nashville, TN 37219
(615) 238-6300
(615) 238-6301 (facsimile)
jfarmer@spencerfane.com